

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHEN A. KARAKIS,

     Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC.,
a Florida corporation, d/b/a
FLANIGAN'S SEAFOOD BAR AND GRILL,
and JOSAR INVESTMENTS, LLC,
a Florida limited liability company

     Defendants.

_____/

**07 - 61360
CIV - COHN
MAGISTRATE JUDGE
SELTZER**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHEN A. KARAKIS, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues FLANIGAN'S ENTERPRISES, INC, a Florida corporation, d/b/a FLANIGAN'S SEAFOOD BAR AND GRILL and JOSAR INVESTMENTS, LLC, a Florida limited liability company, (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICAN WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2.     Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Broward County, Florida.

3.     At the time of the Plaintiff's visit to FLANIGAN'S SEAFOOD BAR AND GRILL prior to instituting the instant action, STEPHEN A. KARAKIS (hereinafter referred to as "KARAKIS") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited the FLANIGAN'S SEAFOOD BAR AND GRILL but was denied full and equal access to, and full and equal enjoyment of, the facilities within FLANIGAN'S SEAFOOD BAR AND GRILL which is the subject of this lawsuit.

4.     The defendants, FLANIGAN'S ENTERPRISES, INC., a Florida corporation, and JOSAR INVESTMENTS, LLC, a Florida Limited Liability Company, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, FLANIGAN'S ENTERPRISES, INC., is the lessee and/or operator of the real property, Subject Facility, and owner of the improvements where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as FLANIGAN'S SEAFOOD BAR AND GRILL located at 4 North Federal Highway, Hallandale Beach, Florida (hereinafter and heretofore referred to as "FLANIGAN'S SEAFOOD BAR AND GRILL") which also maintains and controls the Subject Facility.  Upon information and belief, JOSAR INVESTMENTS, LLC is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as FLANIGAN'S SEAFOOD

2

BAR AND GRILL located at 4 North Federal Highway, Hallandale Beach, Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5.    All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Broward County in the Southern District.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

3

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis  and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas  of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, FLANIGAN'S SEAFOOD BAR AND GRILL is a place of public accommodation in that it is a restaurant which provides food, beverages and services to the public.

10.    Pursuant to 42 U.S.C. §12181(7); 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be incompliance therewith.

11.    The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12.    Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or

4

accommodations at FLANIGAN'S SEAFOOD BAR AND GRILL in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

13.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at FLANIGAN'S SEAFOOD BAR AND GRILL.  Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant's, FLANIGAN'S ENTERPRISES, INC.'s restaurant.  Prior to the filing of this lawsuit, KARAKIS personally visited FLANIGAN'S SEAFOOD BAR AND GRILL restaurant with the intention of using FLANIGAN'S SEAFOOD BAR AND GRILL's facilities, but was denied full and safe access to the facilities within FLANIGAN'S SEAFOOD BAR AND GRILL and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit FLANIGAN'S SEAFOOD BAR AND GRILL in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at FLANIGAN'S SEAFOOD BAR AND GRILL in violation of the ADA.

14.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) The bar counter located in Subject Facility is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it, to be 36 inches maximum height;

(ii) Failure to provide adequate directional and accurate informational signage as required by § 4.1.3(16), 28 C.F.R. Part 36.

(iii) Failure to provide a handicap accessible pathway of at least 36 inches in width to the emergency exit in violation of 28 C.F.R. Part 36, rendering said emergency exit inaccessbile.

(iv) Failure to provide accessible fixed sitting booths at the patio equal to, or exceeding, at least five percent of the restaurant fixed tables, in said area, in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

(v) Failure to provide accessible fixed sitting booths in the main dining area equal to, or exceeding, at least five percent of the restaurant fixed tables, in said area, in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

(vi) Main dining room tables not accessible due to pathway to said tables being partially blocked by several high bar chairs in violation of 28 C.F.R. Part 36.

(vii) Jukebox in bar area not accessible in violation of 28 C.F.R. Part 36.

(viii) Failure to install an accessible mirror in restroom in compliance with 28

6

C.F.R. Part 36, Section 4.19.6.

(ix)    Failure to provide an accessible soap dispenser in restroom in compliance
        with 28 C.F.R. part 36, Section 4.22.7.

(x)     Failure to rearrange restroom partitions, walls and doors to provide sufficient
        accessibility and maneuvering space for individuals with disabilities in violation of
        28 C.F.R. Part 36.

(xi)    Failure to provide the required underside clearance of at least 29 inches above the
        finish floor to the bottom of the apron under lavatories for accessibility in
        compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

(xii)   Failure to provide insulation for the exposed pipes under lavatories to prevent burns
        as required by 28 C.F. R. Part 36, Section 4.19.4.

(xiii)  Newspaper displays above restroom urinals not at accessible heights.

(xiv)   Failure to provide accessible toilet paper dispenser as required by 28 C.F.R. Part 36,
        Section 4.16.6.

(xv)    Restroom stall's locking mechanism not accessible in violation of 28 C.F. R. Part 36.

(xvi)   Failure to install the required back grab bar around toilet in accordance with 28
        C.F.R. Part 36, Section 4.17.6.

(xvii)  Failure to provide appropriate accessibility signage on the outer stall door as
        required by 28 C.F.R. Part 36, Section 4.30.

(xviii) Failure to provide signage addressing people with disabilities telling then that
        accessible services are provided as required by 28 C.F.R. Part 36.

    16.    Upon information and belief, there are other current violations of the ADA
at FLANIGAN'S SEAFOOD BAR AND GRILL and only once a full inspection is done
can all said violations be identified.

17.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.    Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendants have failed to comply with this mandate.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.    The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA;

B.    The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    The Court enter an Order directing the Defendants to evaluate and

8

neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D.      The Court award reasonable attorney's fees, all costs (including, but limited to, court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.      The Court award such other and further relief as it deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.  Dated this 23rd day of September, 2007.

Respectfully submitted,

By: _____
        B. Bradley Weitz, Esq.
        Florida Bar No. 479365
        THE WEITZ LAW FIRM, P.A.
        Attorney for Plaintiff
        Bank of America Building
        18305 Biscayne Blvd., Suite 214
        Aventura, Florida 33160
        Telephone:   (305) 949-7777
        Facsimile:    (305) 704-3877

**CIVIL COVER SHEET**

%JS 44  (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**07-61360**

**CIV-COHN**

**MAGISTRATE JUDGE SELTZER**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Stephen A. Karakis | Flanigan's Enterprises, Inc., d/b/a Flanigan's Seafood Bar and Grill, and Josar Investments, LLC |

**(b)** County of Residence of First Listed Plaintiff **Broward County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

B. Bradley Weitz, Esq., The Weitz Law Firm, P.A.
18305 Biscayne Blvd., Suite 214,
Aventura, Florida 33160, 305-949-7777

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL-07-61360-W-COHN-SELTZER

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

The Defendants own, operate, and/or is the lessor and/or lessee of a facility and/or property in Broward County which contains architectural barriers to access by persons with disabilities in violation of Title III of the ADA.
LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD                DATE  9/23/07

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 96721   IFP

09/25/07